**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1775**

_____

STACEY STEWART,

　　　　　　Plaintiff - Appellant,

　　v.

MTR GAMING GROUP, INC., d/b/a Mountaineer Casino Racetrack &
Resort,

　　　　　　Defendant - Appellee.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling.　John Preston Bailey,
Chief District Judge.　(5:12-cv-00066-JPB)

_____

Submitted:　November 27, 2013　　　Decided:　August 13, 2014

_____

Before WILKINSON, KING, and AGEE, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Daniel W. Cooper, COOPER & LEPORE, Carnegie, Pennsylvania; Jacob
Robinson, ROBINSON LAW OFFICES, Wheeling, West Virginia, for
Appellant.　Larissa C. Dean, SPILMAN, THOMAS & BATTLE, PLLC,
Morgantown, West Virginia; Eric E. Kinder, SPILMAN, THOMAS &
BATTLE, PLLC, Charleston, West Virginia; Narciso Alejandro
Rodriguez-Cayro, MTR GAMING GROUP, INC., Wexford, Pennsylvania,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stacey Stewart appeals the district court's order granting summary judgment in her action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-17 (West 2003 & Supp. 2013), to the Defendant, MTR Gaming Group, Inc. ("MTR"). On appeal, Stewart contends that the district court erred when it granted summary judgment to MTR on her hostile work environment and retaliation claims. We conclude that the district court did not err when it granted summary judgment on Stewart's retaliation claim, but that the court did not apply the appropriate standard to Stewart's hostile work environment claim. We therefore affirm in part, vacate in part, and remand for further proceedings.

MTR owns and operates the Mountaineer Casino Racetrack & Resort ("Mountaineer"), which employed Stewart as a table games dealer. Stewart alleged that she was subject to a hostile work environment as a result of sexually inappropriate comments directed to her by her co-workers, a rumor that she had been caught having sex with a co-worker on casino property, and three incidents where she had been touched by co-workers. Mountaineer ultimately terminated Stewart after the West Virginia State Lottery ("Lottery") issued a violation notice regarding an incident where Stewart engaged in an argument with a co-worker, who was also terminated. Stewart asserts that her termination

2

was in retaliation for complaints she made to Mountaineer's human resource department about sexual harassment.

"We review de novo whether the district court erred in granting summary judgment, viewing the facts and drawing all reasonable inferences therefrom in the light most favorable to [the non-moving party]." PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

I.

Stewart first alleges that she was subject to constant inappropriate sexual comments for nearly a year, including propositions for sex, which, in addition to the rumor and the three incidents of touching, created a hostile work environment. To establish a hostile work environment claim, Stewart was required to show that she was subjected to conduct that was: (1) unwelcome; (2) based on her gender; (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment; and (4) imputable to her employer.

3

<u>Okoli v. City of Baltimore</u>, 648 F.3d 216, 220 (4th Cir. 2011). As to the rumor, we conclude that, even viewing Stewart's claims as a whole, the complained-of conduct was not based on her gender. <u>See</u> <u>Alfano v. Costello</u>, 294 F.3d 365, 378 (2d Cir. 2002) ("Facially neutral incidents may be included . . . among the 'totality of the circumstances' that courts consider in any hostile work environment claim, so long as a reasonable fact-finder could conclude that they were, in fact, based on sex."). On the other hand, the district court concluded, and we agree, that Stewart raised a genuine issue of material fact with regard to the duration, severity, and pervasiveness of the inappropriate sexual comments and touching when she alleged that co-workers propositioned her for sex, described their fantasies of engaging in sex acts with Stewart, asked whether she was wearing underwear, turned anything said in the workplace into sexual innuendo, and shared inappropriate sexual stories for nearly a year.

Additionally, the district court concluded that, even if Stewart raised a genuine issue of material fact regarding her hostile work environment claim, summary judgment was appropriate because, under the <u>McDonnell-Douglas</u>[*] burden-shifting framework, Stewart could not show that MTR's legitimate, non-discriminatory

---

[*] 411 U.S. 792 (1973).

reasons for her termination were pretext for unlawful discrimination. The district court erred when it applied the burden-shifting framework to Stewart's hostile work environment claim. The purpose of the burden-shifting framework is to assist the court in determining whether a plaintiff without direct evidence of unlawful intent can nevertheless raise a triable issue over whether a facially legitimate action was the product of discriminatory motivation. See Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-54 (1981). Here, Stewart has presented direct evidence of sexual harassment, and within the context of her hostile work environment claim there is no facially legitimate action to consider. See Johnson v. Booker T. Washington Broad. Serv. Inc., 234 F.3d 501, 510-11 (11th Cir. 2000) (holding that district court erred by applying burden-shifting framework to sexual harassment case).

The district court therefore applied an improper standard to Stewart's hostile work environment claim. Having concluded that Stewart raised a genuine issue of material fact on the first three elements of a hostile work environment claim, the district court must assess whether there is a genuine issue of material fact that the conduct about which Stewart complained was imputable to MTR. Because this is a fact-intensive inquiry, we vacate this portion of the district court's order and remand for further proceedings.

Stewart also alleges that she was terminated in retaliation for her complaints that she was subject to sexual harassment, but she provides no direct evidence to support that conclusion. Therefore, she must proceed under the McDonnell-Douglas burden-shifting framework. To establish a prima facie case of retaliation, Stewart "must show that (1) [she] engaged in a protected activity . . .; (2) the employer acted adversely against [her]; and (3) the protected activity was causally connected to the employer's adverse action." Okoli, 648 F.3d at 223. Even assuming that Stewart can satisfy every element of the prima facie case, she has not demonstrated that MTR's legitimate, non-discriminatory reasons for her termination were pretext for unlawful discrimination.

Once a plaintiff has established a prima facie case, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004) (en banc). "This burden . . . is a burden of production, not persuasion." Holland v. Wash. Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007). Here, MTR asserted that Stewart was terminated as a result of the violation notice issued by the Lottery and for causing a guest services issue. Once MTR met its burden under the McDonnell-Douglas framework, "the burden

6

shifts back to [Stewart] to prove by a preponderance of the evidence that the employer's stated reasons 'were not its true reasons, but were a pretext for discrimination.'" Hill, 354 F.3d at 285 (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000)). We conclude that Stewart has not met this burden for the reasons stated by the district court.

Accordingly, we affirm in part the district court's order granting summary judgment, vacate in part, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED